UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANA SMALLWOOD,

    Plaintiff,

v.

IA PROPERTIES,

    Defendant.
_____/

Case No. 4:19-cv-11634
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

## **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14)**

### I.  Introduction

    This is a case claiming violations under the Fair Housing Act, the Fair Credit Reporting Act, and the Equal Credit Opportunity Act.  Plaintiff Shana Smallwood, an African American woman who is proceeding *pro se*, has sued defendant IA Properties, alleging that IA refused to rent her an apartment because of her race.  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 17).  IA Properties has filed a motion for summary judgment.  (ECF No. 14).  As will be explained, Smallwood has not filed a response to the motion and the time for doing so has expired.  For the reasons that

follow, the undersigned recommends that IA's motion be granted, and the case be dismissed.

## II. Background

Smallwood applied to rent a property located at 26700 Woodmont in Roseville, Michigan. (ECF No. 1, PageID.6). Smallwood says that IA Properties was aware of her race because she attended a viewing at the property. (ECF No. 1, PageID.6). At the viewing, Smallwood informed IA Properties that she was the recipient of a Rapid Rehousing Grant that would provide her with assistance in paying both the deposit and rent. (ECF No. 1, PageID.6). Smallwood says that despite being qualified to rent the property, IA Properties did not rent the property to her or send her notice that she was being denied. (ECF No. 1, PageID.6-7). The property remained available to rent until February 24, 2019 and was listed on several rental websites. (ECF No. 1, PageID.6). Because of IA Properties' actions, Smallwood says she lost the Rapid Rehousing Grant as the grant was available on a first-come, first-served basis. (ECF No. 1, PageID.8).

IA Properties seeks summary judgment on all of Smallwood's claims. (ECF No. 14). Specifically, IA Properties asserts, attaching the deposition of Katherine Slaughter, the sole member of IA Properties, that IA Properties rejected Smallwood's rental application for the following reasons: (1) false information provided in the rental application; (2) income that fell below the minimum

2

requirement; (3) poor credit history; (4) prior evictions; and (5) failure to provide required documentation. (ECF No. 14-2, PageID.88-94). IA Properties further asserts that it sent Smallwood a written Adverse Action Notice on January 30, 2019, and that the notice indicated Smallwood's application was being rejected because she provided "incomplete, inaccurate, or false information" on her rental application. (ECF No. 14-2, PageID.94). On the basis of these facts, IA Properties argues that the court should grant it summary judgment because: (1) Smallwood failed to present a prima facie case of race discrimination under the Fair Housing Act; (2) the Equal Credit Opportunity Act is inapplicable because Smallwood did not apply for credit from IA Properties; and (3) IA Properties did not report any information about Smallwood as required for a claim under the Fair Credit Reporting Act. (ECF No. 14, PageID.68-69).

III. Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the

light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must . . . do more than simply show that there is some metaphysical doubt as to the material facts[.] . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal

4

quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Smallwood is *pro se* does not reduce her obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

IV.  Analysis

A.  Smallwood's Failure to Respond

IA Properties filed its motion for summary judgment on March 20, 2020. (ECF No. 20).  On March 23, 2020, the court ordered Smallwood to respond to IA Properties' motion by April 24, 2020.  (ECF No. 15).  Smallwood never responded, and on June 17, 2020 the order requiring Smallwood's response mailed to her address of record was returned as undeliverable.  (ECF No. 16).  On October 29, 2020, the court entered a Final Order Directing a Response, ordering Smallwood to respond to IA Properties' motion for summary judgment on or before November 13, 2020.  The Order specifically stated that a failure to respond would "lead the court to consider the motion without a response and may result in the dismissal of Smallwood's case." (ECF No. 18, PageID.111).  Smallwood failed to respond and once again the mail containing the notice was returned as undeliverable.  (ECF No. 19).  Thus, the motion is unopposed.

However, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant

6

simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

### B. IA Properties' Motion

#### 1. Fair Housing Act

Smallwood first alleges that IA Properties violated the Fair Housing Act because it rejected her rental application on the basis of her race. (ECF No. 1, PageID.6-8). "The [Fair Housing Act] prohibits discrimination in the sale or rental of housing on the basis of race, color, religion, sex, national origin, family status, and handicap." *Reeves v Rose*, 108 F. Supp. 2d 720, 725 (E.D. Mich. 2000). "Discrimination may be shown by either disparate treatment or disparate impact." *Id*. at 725-726.

To present a prima facie case under the Fair Housing Act, a plaintiff must show "(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter." *Lindsay v. Yates*, 498 F.3d 434, 438-439 (6th Cir. 2007) (quotation marks and citation omitted). "If the plaintiff satisfies the prima facie requirements, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for rejecting the plaintiff." *Id*. at 439. "Finally, the burden shifts back to the plaintiff to show that the defendant's proffered non-discriminatory reason is a pretext." *Id*. "Although the burden of production shifts between the parties, the plaintiff bears the burden of persuasion throughout the process." *Id*. (quotation marks and citation omitted).

IA Properties' argues that Smallwood failed to present a prima facie case under the Fair Housing Act in large part because she was not qualified to rent the property. (ECF No. 14, PageID.79-81). IA Properties' rental application contains a list of qualification standards, which includes as requirements that the applicant's "gross monthly income must equal approximately three times or more the monthly rent" and that the applicant must have "[a] favorable credit history." (ECF No. 14-3, PageID.99). The application also contains a certification advising the applicant

that "inaccurate information may disqualify [her] application and may be considered fraud in some states." (ECF No. 14-3, PageID.99).

Smallwood disclosed on her application that her monthly income was $3,100 (ECF No. 14-3, PageID.98). The monthly rent for the property was $1,095 (ECF No. 14-3, PageID.97), and three times $1,095 is $3,285. Smallwood's monthly income thus did not amount to three times the monthly rent for the property. Smallwood's credit report also did not show a favorable credit history. According to a credit report obtained by IA Properties, Smallwood's credit was 477, which was rated by Experian as "BAD." (ECF No. 14-2, PageID.88-91). The report also listed eviction cases against Smallwood indicating that two different management companies had initiated evictions against Smallwood and that Smallwood had actually been evicted on at least one occasion. (ECF No. 14-2, PageID.91-92). Smallwood's eviction record did not comport with her statement on the rental application, which indicated that she had zero evictions. (ECF No. 14-3, PageID.98). Accordingly, Smallwood failed to establish the second element of a prima facie case of housing discrimination because she was not qualified to rent the property. No reasonable juror could conclude otherwise based on this record. Therefore, IA is entitled to summary judgment on Smallwood's claim under the Fair Housing Act.

Even assuming that Smallwood had made out a prima facie case of intentional discrimination, IA Properties argues that it had legitimate non-discriminatory reasons for denying Smallwood's rental application. Smallwood was informed that her application was rejected because she provided "incomplete, inaccurate, or false information" on her rental application. Smallwood stated she had no evictions on her application, yet her credit report provided otherwise. Thus, IA Properties had a legitimate and non-discriminatory reason to reject plaintiff's rental application. Smallwood, in failing to respond to IA Properties' motion, has not presented any evidence to suggest that IA Properties' reason for denying her application was pretextual. Accordingly, even if Smallwood could establish a prima facie case of discrimination, IA Properties is still entitled to summary judgment on Smallwood's claim under the Fair Housing Act.

## 2. Equal Credit Opportunity Act

Smallwood also claims that IA Properties violated the Equal Credit Opportunity Act when it rejected her rental application. (ECF No. 1, PageID.6-8). "The [Equal Credit Opportunity Act] prohibits creditors from discriminating against any credit applicant 'with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex, or marital status.' " *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 876 (6th Cir. 2002) (quoting 15 U.S.C. § 1691(a)(1)). Under the Equal Credit Opportunity Act, a " 'creditor'

means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). While "[t]he term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

IA Properties argues that the Equal Credit Opportunity Act is inapplicable here because it does not apply to a typical residential lease. (ECF No. 14, PageID.82). "Courts that have considered whether leases are credit transactions are split." *Laramore v. Ritchie Realty Management Co.*, 397 F.3d 544, 546 (7th Cir. 2005). The Ninth Circuit held in *Brothers v. First Leasing*, 724 F.2d 789 (9th Cir. 1984), that the Equal Credit Opportunity Act applies to consumer leases. Whereas the Seventh Circuit held in *Laramore* that, as a typical residential lease does not involve a credit transaction, such a lease is not covered by the Equal Credit Opportunity Act. *Laramore*, 724 F.2d at 547. Moreover, as a court in this district has explained, "the controlling agency interpretation of the [Equal Credit Opportunity Act] expressly rejects the majority's holding in *Brothers*, insofar as other circuits might be tempted to follow its reasoning, stating that 'the Ninth Circuit interpreted the [Equal Credit Opportunity Act's] definition of credit too

11

broadly when it concluded in the *Brothers* case that the granting of a lease is an extension of credit.' " *Dorton v. Kmart Corporation*, 229 F. Supp. 3d 612, 622-623 (E.D. Mich. 2017) (quoting Equal Credit Opportunity, Revision of Regulation B, Official Staff Commentary, 1985 WL 126616, 50 Fed. Reg. 48018, 48019–20 (Nov. 20, 1985)).  Following *Dorton*'s persuasive holding, the court concludes that the Equal Credit Opportunity Act does not apply to residential leases.  Therefore, IA Properties is entitled to summary judgment on Smallwood's Equal Credit Opportunity Act claim.

### 3. Fair Credit Reporting Act

Smallwood's final claim is that IA Properties violated the Fair Credit Reporting Act when it failed to provide her with an adverse action notice at the time it rejected her rental application because of information contained in her credit report.  (ECF No. 1, PageID.6-7).  IA Properties argues that Smallwood's claim under the Fair Credit Reporting Act should be dismissed because IA Properties never reported any information about Smallwood to a third-party.  (ECF No. 14, PageID.83).  IA Properties misconstrues Smallwood's claim.  Smallwood's claim concerns the failure to send an adverse action notice rather than the disclosure of information about her to a third-party.  (ECF No. 1, PageID.6-7).  Regardless, Smallwood's claim still fails as explained below.

Under 15 U.S.C.A. § 1681m of the Fair Credit Reporting Act, a person taking an adverse action against an individual because of information contained in a consumer report must provide that individual with a notice of adverse action. However, it is unclear whether an individual can maintain a private right of action against a person for failure to comply with the adverse action notice requirement. Although the Sixth Circuit has not yet determined whether the Fair Credit Reporting Act provides a private right of action for the failure to send an adverse action notice, a court in this district has considered the issue.

In *Tobler v. Equifax*, No. 08-CV-12610, 2009 WL 1491046, at *3 (E.D. Mich. May 27, 2009), the district court held that there is no private right of action under 15 U.S.C.A. § 1681m. *Id*. In doing so, the court noted that it was persuaded by the reasoning of other courts that had also decided that no private right of action existed. *Id*. (citing *Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."); *Meyers v. Freedom Credit Union*, No. 05-3526, 2007 U.S. Dist. Lexis 70032, 2007 WL 2753172 (E.D. Pa. Sept. 21, 2007); *Gelman v. State Farm Mut. Auto. Ins. Co.*, No. 06-5118, 2007 WL 2306578, 2007 U.S. Dist. Lexis 58237, at *28 (E.D. Pa. Aug. 9, 2007) ("However, every other federal court that has considered this issue, including one within this district . . . has concluded that the FACTA amendments

eliminated the private right of action to enforce the § 1681m(d) disclosure requirements.")). *Tobler*'s holding is persuasive, especially when considering the number of other courts that have also held no private right of action exists under 15 U.S.C.A. § 1681m. Accordingly, Smallwood's Fair Credit Reporting Act claim fails as a matter of law because 15 U.S.C.A. § 1681m does not provide a private right of action.

## V. Conclusion

For the reasons stated above, the undersigned recommends that IA Properties' motion for summary judgment (ECF No. 14) be GRANTED and the case be DISMISSED.

Dated: November 19, 2020                      s/Kimberly G. Altman
Detroit, Michigan                             KIMBERLY G. ALTMAN
                                              United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2020.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager